## CINCINNATI (city) v DOWERS

Common Pleas Court, Hamilton Co.

No. A-67538. Decided Jan. 10, 1940

Alfred Bettman and Conrad Magrish, of Cincinnati, for defendant-appellant.

John D. Ellis, city solicitor, of Cincinnati, for plaintiff-appellee.

### OPINION

By SCHWAB, J.

In the Municipal Court Thomas Dowers was prosecuted as the result of a warrant issued by that court upon an affidavit charging that the defendant on the 3rd day of June, 1939, at the city of Cincinnati, County of Hamilton, and State of Ohio, did unlawfully and wilfully conduct himself in a noisy, boisterous, rude and insulting manner with intent then and there to abuse and annoy the citizens of Cincinnati.

Upon the trial of this case the defendant was found guilty and fined the costs. The matter is before this court upon a narrative bill of exceptions, which discloses that the defendant was walking up and down on the sidewalk in front of 123-125 East Ninth street in the city of Cincinnati, on the 3rd day of June, 1939; that he had strapped over his shoulder a sandwich sign approximately three feet wide and four feet long, on the front of which the following was printed:

"20,000.00 to kill P. R. and nothing for relief." On the rear of the sign the following was printed thereon:

"Senator Taft, we want jobs."

He was approached by Lieutenant Schardt, of the Cincinnati Police Department, who told him that he could not walk up and down the sidewalk in

the manner in which he had done, for if he had any grievance with the Republican Club, which is located at 125 East Ninth street, it was his privilege to go up there and complain and not to interfere with sidewalk traffic in front of two places of business at number 123-125 East Ninth Street. Upon his failure to comply with the order of the lieutenant the defendant was arrested and charged with disorderly conduct.

The charge was made and prosecuted under the provisions of Section 550 of the ordinances of the city of Cincinnati. This section reads as follows:

"It shall be unlawful for any person to wilfully conduct himself, or herself, in a noisy, boisterous, rude, insulting, or other disorderly manner, with intent to abuse or annoy any person or the citizens of the city or any portion thereof, or to disturb the peace, good order and quiet of the city, by provoking or engaging in a fight or quarrel, or to permit or suffer such act or acts made unlawful herein to be committed on or about his or her house, or any premises attached thereto; and whoever violates any provisions of this section shall be fined not exceeding one hundred dollars ($100) for the first offense, and for a second or subsequent offense shall be fined not exceeding one hundred dollars ($100), or imprisoned not more than ninety days, or both. And for the purpose of enforcing the provisions of this section it shall be lawful for any officer to enter any house, outhouse, garden, or place of amusement, to arrest any person violating any of the provisions of this ordinance."

Throughout the hearing of this case counsel for the defendant sought repeatedly to develop from the various witnesses whether the defendant had acted in a noisy, rude or boisterous manner, but on each occasion he was met with an objection which was sustained by the court.

A careful reading of the bill of exceptions fails to disclose any evidence whatever that the defendant was guilty of disorderly conduct as defined in Section 550 of the ordinances of the city of Cincinnati.

The judgment of the Municipal Court will therefore be reversed.